GReen J.
delivered the opinion of the court.
The first question for consideration, is, whether a plaintiff is bound to tender the expenses of a witness, as a condition pre-' cedent to his right to recover the penalty given by statute, for non-attendance. .By the act of 1794, c. 1, §. 29, it is provided, that every witness being summoned to appear in any of the courts of the state, in manner therein directed, shall appear accordingly, and continue to attend from term to term, until discharged by the court or the party at whose instance he may have been summoned, and in default thereof, shall forfeit and pay to the party at whose instance,the subpoena issued the sum of one hundred and twenty-five dollars.
By the same act, a witness summoned to attend in the county in which he lives, is allowed fifty cents per day; and when compelled to attend without the county, he is allowed one dollar per day, and one dollar for every twenty-five miles he may travel in going to, and returning therefrom. For his attendance he is authorised to obtain a certificate from the clerk, and to recoverthe amount from the party summoning him.
We are of opinion that the common law rule, that a witness’ expenses should be tendered before he should be compelled to attend the court, is abrogated by this act of assembly. The legislature had the whole subject before them, and give to the witness a"specific compensation, and a right to recover that compensation from the party by whom he may be summoned, but it is his imperative duty to attend court until he is discharged on pain of forfeiting the one hundred and twenty-five dollars. His discharge by the party summoning him, or his incapacity to attend, are the only excuses mentioned in the act, and the only ones, which in our opinion exist. We cannot say that he shall be excused jf his expenses be not tendered, when .the legislature mention no such excuse, but say he shall attend when summoned, or incur the forfeiture. It is manifest that the legislature intended the allowance per diem, and for mileage tobe the *324 entire compensation to which the witness should be entitled. That it was not contemplated that any part of this pay should be tendered before hand, we infer from the fact, that the failure of the party to make such tender is not mentioned in the act, when other grounds of excuse are particularly set forth.
It is provided in the 20th section of this act, that where a suit may be accommodated and settled in vacation, and the party summoning a witness may fail to discharge him, the witness Attending, may make ®ath of the facts, obtain a certificate, and recover from the party summoning him, the same allowance which is given to other witnesses for their attendance. This shows that the legislature did not contemplate that any tender was to be made, for in this case the witness would attend but one day, and had the allowance for that been tendered to him, there would have been nothing to recover. This provision too, is in the same section, and immediately after the provision in which it is declared the one hundred and twenty-five dollars, shall be forfeited for a failure to attend. It is manifest they intended he shall be compelled to attend, and therefore, they give him the right to recover his allowance.
2. It is insisted, the subpoena ought to be set out in terms in the scire facias. This is not necessary. The subpoena is in the nature of a record, and the scire facias need only as in other cases set it out substantially.
3. It is argued that the scire facias ought to show that the subpoena issued to the sheriff of the county, in which the witness resided. This it could not do. It is founded on the subpoena, and could not state any fact which is not shown to exist by the subpoena. The fact of the place of residence of the witness, does not appear by any thing in the subpoena, or return of the sheriff. It is a mistake too, to suppose that the penalty is only given in cases where the witness is summoned m the county where he resides. The penalty is given in all cases, where the witness may have been summoned in the manner directed in the 28th section, that is, either by personal service, or a copy of the subposna being left at his house The judgment must be affirmed.
Judgment affirmed.